UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERITAN GUNES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>　　　　　Respondents. | No. 1:26-cv-00080-JLT-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT, DENYING RESPONDENTS' MOTION TO DISMISS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING BEFORE IMMIGRATION JUDGE, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 2, 10, 12) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 28, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted, Petitioner's motion for preliminary injunction be denied as moot, Respondents' motion to dismiss the petition be denied, and Respondents be directed to provide Petitioner with a bond hearing before an immigration judge. (Doc. 12.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.* at 8.) The Court further warned the parties

1

"that failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 8–9 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).) To date, no objections have been filed, and the time for doing so has passed.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and proper analysis.[1] Thus, the Court **ORDERS**:

1. The findings and recommendations issued on January 28, 2026 (Doc. 12) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Petitioner's motion for preliminary injunction (Doc. 2) is **DENIED** as moot.
4. Respondent's motion to dismiss the petition (Doc. 10) is **DENIED**.
5. **Within 14 days of the date of service of this order**, Respondents are **DIRECTED** to provide Petitioner with an individualized bond hearing before an immigration judge where the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to justify her detention. If Respondents fail to provide a bond hearing **within 14 days** (or by any alternative date agreed to by Petitioner), Respondents **SHALL IMMEDIATELY RELEASE PETITIONER**.
6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **February 21, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[1] In the event a notice of appeal is filed, a certificate of appealability is not required because this is an order dismissing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. Forde v. U.S. Parole Commission, 114 F.3d 878 (9th Cir. 1997); see also Ojo v. INS, 106 F.3d 680, 681-682 (5th Cir. 1997).